[Cite as *State v. Regan*, 2014-Ohio-3797.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 13 CAA 08 0067 |
| FRANK REGAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of
                             Common Pleas, Case No. 12CRI120469

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 28, 2014

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CAROL HAMILTON O'BRIEN                  ERIC J. ALLEN
Delaware County Prosecuting Attorney    The Law Office of Eric J. Allen, LTD
MARK C. SLEEPER                         713 South Front Street
Assistant Prosecuting Attorney          Columbus, Ohio 43206
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1}   Defendant-appellant Frank Regan appeals his conviction entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In November of 2012, Forrest Ewing arranged for the purchase of a baseball card via Craigslist from Appellant.  The card was encased in plastic and was alleged certified by Professional Sports Authenticator.  Appellant used aliases to sell the cards, as well as, an untraceable email address and cell phone number.

{¶3}   Forrest Ewing paid $8,700 for the purchase of the proffered Mickey Mantle baseball card from Appellant.  Ewing then placed the baseball card on EBay, and subsequently learned the card was fraudulent.  Ewing reported the transaction to the Westerville Police Department, who then contacted Appellant.  Appellant offered to repay the money owed.  The investigating officers would not accept the payment, without bringing charges.  Appellant was then indicted on one count of theft, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree and one count of forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree.

{¶4}   The police investigation uncovered Appellant's previous sale of similar fraudulent baseball cards in Mentor, Ohio and Bergen, New Jersey.  Neither jurisdiction prosecuted Appellant due to his offer to repay both parties the money paid for the fraudulent cards.

{¶5}   Appellant filed a motion in limine to exclude testimony regarding the sale of the fraudulent baseball cards in Mentor, Ohio and Bergen, New Jersey, to exclude testimony regarding a telephone call to Frank Ewing informing Ewing the caller made

fake baseball cards for two men in Ohio, and testimony relative to the criminal history of Appellant's associate Paul Sabitino.

{¶6} The State conceded it would not mention the criminal history of Paul Sabitino. Via Judgment Entry of June 7, 2013, the trial court overruled the motion in limine, holding Evidence Rule 404(b) provided the evidence should be admitted on the issue of deception, intent, purpose to defraud, knowledge and facilitation of fraud.

{¶7} The matter proceeded to jury trial. The jury returned a verdict of guilty on both counts of the indictment.

{¶8} The trial court sentenced Appellant to a term of five years community control with the conditions he pay restitution, pay the costs of prosecution and serve one-hundred and fifty days in the county jail.

{¶9} Appellant appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION IN LIMINE.

{¶11} "II. THE TRIAL COURT ERRED IN LIMITING THE DEFENDANT IN HIS CROSS EXAMINATION IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO CONFRONTATION GUARANTEED UNDER THE UNITED STATES CONSTITUTION.

{¶12} "III. THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT COULD NOT RAISE THE ISSUE OF REPAYMENT TO THE ALLEGED VICTIMS OR THE FACT THAT OTHER JURISDICTIONS DID NOT FILE CRIMINAL CHARGES AGAINST HIM.

{¶13} "IV. THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE TO CONVICT THE APPELLANT IN VIOLATION THE OHIO AND

FEDERAL CONSTITUTIONS. FURTHER, THE TRIAL COURT JUDGE ERRED IN DENYING THE APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL".

I.

{¶14} Appellant asserts the trial court erred in overruling the motion in limine. We disagree.

{¶15} Ohio Rule of Evidence 404(B) states,

{¶16} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

{¶17} In *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, the Ohio Supreme Court held,

{¶18} "The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other

acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403."

**{¶19}** Here, the evidence of Appellant previously selling fake cards on two separate occasions in two separate states was relevant and admissible to show his intent, knowledge and absence of mistake. Furthermore, we find the trial court did not abuse its discretion in determining the probative value of the other acts evidence substantially outweighed the danger of unfair prejudice.

**{¶20}** The first assignment of error is overruled.

## II. and III.

**{¶21}** Appellant's second and third assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶22}** Appellant maintains the trial court erred in limiting his cross examination and the evidence introduced at trial relative to his offer to repay the purchase price of the baseball cards and the fact the other jurisdictions did not file criminal charges against him.

**{¶23}** Appellate Rule 16 requires,

**{¶24}** "(A) Brief of the appellant

**{¶25}** "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

**{¶26}** "***

**{¶27}** "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the

contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary.

**{¶28}** "***

**{¶29}** "(D) References in briefs to the record

**{¶30}** "*References in the briefs to parts of the record shall be to the pages of the parts of the record involved*; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. *If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.*" (Emphasis added.)

**{¶31}** Appellant's brief cites to the following exchange occurring prior to the start of trial herein,

**{¶32}** "[PROSECUTOR TAPOCSI:] The only other thing I had is a minor evidentiary issue, the State didn't pick up on this until last night when the State was reviewing the defendant's trial brief. That issue is just a small statement regarding the defendant offering to pay the victim in this case during the course of his interview with Detective Ray of Westerville Police Department. There is a statement by the defendant, as well as a discussion by his attorney, there aren't any formal offers that are made and there aren't any acceptances, but regarding, I guess I could say, the victim or the defendant having money to supposedly pay off the victim, Forrest Ewing, Detective Ray indicates - - or declines that offer, it's the policy not to accept such an offer, he has to talk to the Prosecution. But we weren't planning on bringing that up.

**{¶33}** "We have the interview of the defendant that we're going to play portions of as a statement on the part of - - as a statement of a party opponent. There's some other things in there obviously that we're not going to play, obviously that's one of those. I don't see how that comes up to begin with unless the defendant himself is testifying in this case. I worry about opening statements or arguments regarding that and the evidence doesn't come in otherwise.

**{¶34}** "As far as, I guess, it's practical authority, other evidence rules that I think would be applicable, Evidence Rule 408, as far as offering valuable consideration over a disputed claim. I would argue that that would apply in this case. I also have concerns under 402 that it's not relevant in this matter, because I worry about where - - if we go into that area, where that's going to lead us. I know there's obviously case law, and this Court is well aware of this, even from the Cisse case, as far as not commenting, but even discussing defendant's decision not to talk with officers. So if we start discussing offers to pay, Detective Ray would mention also that he gave the defendant multiple opportunities to try to contact him to try to set something, another meeting to try to even arrange this to discuss this, defendant never called him back too. So I don't want to go into that rabbit hole.

**{¶35}** "Also, I would argue under 403, as far as the probative value substantially outweighed in this case, because I worry about, I guess, the reasons why that defendant's offer wasn't accepted. The State doesn't have to accept his offer, there are multiple reasons why, obviously, we think there's criminal conduct here. And I don't want, I guess, confusion of the issues misleading the jury regarding the defendant's offer to pay.

{¶36} "Just for the Court's record too, obviously there are two other incidents that we had in this case. The Court has already had a 404(B) hearing in this matter.

{¶37} "In the Mentor case, the defendant paid the victim $13,000, that was the value of that disputed claim. And then in the Jersey case, that individual has not been paid back. So, I guess my preference would be not to get into that at all just because I don't think that's the issue, the defendant's mind set when this happened, and that's the reason we're bringing that up at this point.

{¶38} "And then also I want to put on the record one other thing. As far as the 404(B) motion, we have instructed our witnesses not to discuss Mr. Sabatino's criminal record. We also told Mr. Ewing to not discuss the anonymous phone call indicating that a person from California made fake baseball cards for two guys in Ohio.

{¶39} "Thank you.

{¶40} "THE COURT: Mr. Cramer.

{¶41} "MR. CRAMER: Well, Your Honor, my client was a businessman whose products turned out to be bad and he offered his clients their money back. I don't know how that's not admissible, it goes directly to show his good intent in this case, that it was accidental.

{¶42} "He certainly wasn't trying to retain their money, he wasn't arguing with them, he offered the money back.

{¶43} "As far as the other instances go as well, apparently that was one of the reasons why Mentor decided not to pursue prosecution in this case and that's certainly an admissible fact that they declined to prosecute. I think it might be helpful for the jury to know why.

**{¶44}** "THE COURT: One of the reasons why it's not significant to this case - - and obviously any offer that Mr. Regan made would only come through his testimony, should he choose to testify. But, again, I don't see the relevance of that. But we can address that, again, I guess, at the time if he should choose to testify or not."

**{¶45}** Tr. at 7-11.

**{¶46}** Appellant also cites an exchange following opening statements,

**{¶47}** "[MR. CRAMER:] That's pretty much all the evidence is going to show in this case. Mentor did not file charges, Jersey did not file charges, but Westerville did.

**{¶48}** "It's unclear if, at any point in time, anybody made any efforts to try and locate Carlos Topete.

**{¶49}** "Thank you.

**{¶50}** "MR. TAPOCSI: Your Honor, may we approach for a second?

**{¶51}** (Thereupon, the attorneys and the court reporter approached the bench outside the hearing of the Jury and the following proceedings were had:)

**{¶52}** "MR. TAPOCSI: He stated about whether they filed charges or not. The relevance of that - -

**{¶53}** "MR. CRAMER: Well, I assume the defendant can testify, all that stuff is in the video.

**{¶54}** "MR. TAPOCSI: What if I don't play all that?

**{¶55}** "MR. CRAMER: We'll see that person, it's all on the videos.

**{¶56}** "THE COURT: Is he going to testify?

**{¶57}** "MR. CRAMER: All of that was in the video.

**{¶58}** "That's in the videos provided to me through discovery.

**{¶59}** "THE COURT: Is it?

**{¶60}** "MR. CRAMER: It's up to me whether or not he testifies.

**{¶61}** "THE COURT: If they don't show that part, then he'll have to testify.

**{¶62}** "MR. CRAMER: He won't have to, the jury can just take it and say that wasn't proven.

**{¶63}** "THE COURT: No, I'll strike it.

**{¶64}** "MR. TAPOCSI: The other cases, whether or not they filed charges or not, there's a lot that goes into all those. I don't want to get into that, as far as whether they were paid or not, it's just along the same lines.

**{¶65}** "THE COURT: So what are you asking for?

**{¶66}** "MR. TAPOCSI: I'm asking that to be stricken and we talked about that, whether charges are filed or not.

**{¶67}** "MR. CRAMER: I think that's directly relevant to other law enforcement agencies who looked at the same information and didn't see any offense.

**{¶68}** "THE COURT: We don't know what their basis is.

**{¶69}** "I'll strike the statement.

**{¶70}** "(Thereupon, the sidebar was concluded.)

**{¶71}** "THE COURT: Folks, whether other law enforcement agencies filed charges or not is irrelevant to these proceedings. Any decisions that went into that are irrelevant to this case. Strike that and disregard."

**{¶72}** Tr. at 41-44.

**{¶73}** Appellant did not testify at trial. Further, following the opening of trial, after opening statements, Appellant did not proffer any testimony in the trial court. Further,

Appellant did not renew his objection to the ruling on the record. Appellant did not attempt to introduce the testimony at trial, and did not otherwise move the trial court to admit the same into evidence. Accordingly, we find Appellant did not preserve the argument before the trial court, and has waived all but plain error on appeal.

{¶74} In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus. We find Appellant has not met that burden.

{¶75} Furthermore, we find the trial court's decision to exclude testimony as to the fact charges were not filed in the other two jurisdictions as being irrelevant does not constitute an abuse of discretion.[1]

{¶76} Appellant's second and third assigned errors are overruled.

IV.

{¶77} In the final assignment of error, Appellant argues his conviction is not supported by the sufficiency of the evidence, and the trial court erred in denying his Criminal Rule 29 motion for acquittal.

{¶78} Under Criminal Rule 29(A) of the Ohio Rules of Criminal Procedure, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction...." Whether a conviction is supported by sufficient evidence is a question of law this Court reviews de novo. *State v. Thompkins,* 78 Ohio

---

[1] We do find Appellant's offer of repayment in this case relevant. However, Appellant does not reference to any trial testimony where he attempted to illicit evidence of his offer of repayment. Nor does the record demonstrate Appellant attempted to introduce the evidence through proffer or via cross- examination.

St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. West,* 9th Dist. No. 04CA008554, 2005–Ohio–990, ¶ 33. We must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Appellant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶79} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶80} Here, Appellant was convicted of forgery, in violation of R.C. 2913.31(A)(3) which reads,

{¶81} "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

{¶82} "***

{¶83} "(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged."

{¶84} Upon review of the evidence as stated supra and construing the evidence in a light most favorable to the prosecution, we find there is ample evidence upon which the jury could have found Appellant guilty of forgery beyond a reasonable doubt.

**{¶85}** Appellant was also convicted of theft, in violation of R.C. 2913.02(A)(3), which reads,

**{¶86}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶87}** "***

**{¶88}** "(3) By deception;"

**{¶89}** Again, viewing the evidence in a light most favorable to the State, we find there is ample evidence upon which the jury could have found Appellant guilty of theft beyond a reasonable doubt.

**{¶90}** The fourth assignment of error is overruled.

**{¶91}** Appellant's conviction in the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur