[Cite as *State v. Nuzum*, 2016-Ohio-2744.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-15-1122

　　　　Appellee                                    Trial Court No. CR0201501161

v.

William Nuzum                                    **DECISION AND JUDGMENT**

　　　　Appellant                                   Decided:　April 29, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**YARBROUGH, J.**

## I.　Introduction

**{¶ 1}** Appellant, William Nuzum, appeals the judgment of the Lucas County Court
of Common Pleas, sentencing him to six years in prison following a jury trial in which he
was found guilty of burglary.　We affirm.

## A. Facts and Procedural Background

{¶ 2} This case involves a burglary that occurred on January 2, 2015. At approximately 6 a.m. on that morning, Donald and Noralee County, the occupants of a residence located in Toledo, were awoken by a loud sound coming from the first floor of the residence. They were asleep in an upstairs bedroom at the time. Before retiring to bed on the night before the burglary, the Countys turned on several lights in the house, including the light in the upstairs hallway and another in the upstairs bedroom, which was located across the hall from their bedroom.

{¶ 3} Arising from bed, the Countys noticed a shadow passing along their bedroom door, presumably caused by the burglar passing through the light emitted from the hallway and bathroom lights. Donald proceeded from the bedroom to investigate the matter further. Donald entered the upstairs bathroom, where he found a man whom he later identified as appellant. Donald ordered appellant out of the bathroom, and a tussle ensued as appellant attempted to escape down the stairway. Meanwhile, Noralee picked up her cell phone and dialed 911. Noralee also identified appellant as the man she saw that morning in her home, noting that his face was not covered and the lights "totally" illuminated the area where he was located.

{¶ 4} After appellant escaped from the residence, Donald walked downstairs and discovered that a glass window on the side entry door to the home was shattered. Eventually, police arrived on the scene. The responding officer initially characterized the

2.

matter as criminal damaging based upon the damage done to the entry door window. However, upon further investigation, the charge was changed to aggravated burglary.

{¶ 5} Several hours after the burglary, detectives returned to the residence to administer a photo array in an effort to identify the burglar. According to the detective who administered the photo array, Donald selected appellant's photograph without hesitation, stating "I'm positive that's it." Likewise, Noralee subsequently selected appellant's photograph when she was shown the same photo array.

{¶ 6} As a result of the foregoing, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree. Following a jury trial, appellant was found not guilty of aggravated burglary, but guilty of the lesser included offense of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree. At sentencing, appellant was ordered to serve six years in prison, and the trial court imposed an additional three-year term of post release control. Appellant subsequently filed a timely notice of appeal.

### B. Assignments of Error

{¶ 7} On appeal, appellant presents the following assignments of error for our review:

> I. Appellant's conviction was against the manifest weight of the evidence.

> II. The trial court committed reversible error in admitting irrelevant testimony in violation of [Evid.R. 404(B)].

3.

III.  The state failed to comply with 404(B) notice requirement.

IV.  Appellant received ineffective assistance of counsel.

## II.  Analysis

### A.  Manifest Weight

{¶ 8} In his first assignment of error, appellant argues that his conviction was against the manifest weight of the evidence.  When reviewing a manifest weight claim,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.  *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220.

{¶ 9} Here, appellant was convicted of burglary in violation of R.C. 2911.12(A)(1), which provides:

> (A)  No person, by force, stealth, or deception, shall do any of the following:

> (1)  Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit

in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

{¶ 10} In his brief to this court, appellant does not contest the state's evidence concerning the fact that a burglary occurred at the Countys' residence on the morning of January 2, 2015. However, appellant insists that the weight of the evidence demonstrates that he was not the individual that committed the burglary. Specifically, appellant argues that Donald could not have ascertained the burglar's identity during his tussle with the burglar because the bathroom light, which was located behind the burglar as he was exiting the bathroom, would have caused his face to be silhouetted.

{¶ 11} Having considered the record in its entirety, we find no merit to appellant's manifest weight argument. Appellant's argument ignores the identification testimony offered by Noralee, who observed appellant and Donald as they were struggling together. At trial, Noralee testified that appellant was the individual who burglarized her home. When asked whether she was certain as to her identification of appellant as the burglar, Noralee stated that she was "100 percent sure." Further, appellant's argument lacks credibility in light of Donald's testimony that he was face-to-face with appellant for several seconds as he tried to hold appellant during the struggle.[1] When provided with a

---

[1] Appellant also challenges Donald's ability to identify the burglar on the basis that he was not wearing his prescription glasses during the struggle with the burglar. While the record is unclear as to the extent of Donald's vision impairment, the testimony that was provided established that Donald was able to see well enough to pass his driver's license examination without corrective lenses.

photo array, both Donald and Noralee independently identified appellant as the burglar within hours of the burglary.

{¶ 12} In light of the foregoing uncontroverted evidence establishing appellant as the burglar in this case, we do not find that this is the exceptional case warranting reversal on manifest weight grounds. Accordingly, appellant's first assignment of error is not well-taken.

## B. Evid.R. 404(B) Concerns

{¶ 13} In his second assignment of error, appellant argues that the trial court erred in admitting irrelevant other acts evidence in violation of Evid.R. 404(B). The specific testimony to which appellant objects took place during the state's direct examination of Donald. When asked whether he had ever met appellant prior to the burglary, Donald responded in the affirmative, and the following discussion ensued:

Q. When?

A. On December the 25th, at 10:45 in the morning, Noralee had taken the dinner – a Christmas dinner to Jeremy who has moved away and she was sort of taking care of him or whatever. She took a dinner to him. And I was home alone when there was a knock on the door, which seemed unusual.

Q. This is Christmas day?

A. Yes, Christmas day.

Q. Okay. Knock on the door, and what happens?

6.

A. and I went to the door, and that individual who identified himself as Johnson tried to sell me some unpackaged items. Obvious – to me, I thought these were, you know, stolen.

{¶ 14} For purposes of our analysis of appellant's second assignment of error, we will assume, without deciding, that the above-referenced testimony contains other acts evidence under Evid.R. 404(B). Concerning the admission of such evidence, Evid.R. 404(B) provides:

(B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 15} Later in Donald's testimony, he indicated that he had also seen appellant at a neighbor's house in 2012. While discussing this encounter, Donald mentioned that police were also present at the neighbor's house where he saw appellant.

{¶ 16} In this case, defense counsel failed to object to Donald's alleged other acts testimony. The failure to object to testimony at trial waives all but plain error. *State v.*

7.

*Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph one of the syllabus. On appeal, plain error will be found only if the reviewing court, after examining all of the relevant evidence that was properly admitted at trial, determines that an error occurred and that, "but for [such] error, the outcome of the trial clearly would have been otherwise." *Id.* at paragraph two of the syllabus. Pursuant to Crim.R. 52(B), notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 17} Having considered the evidence provided by the state at trial, we do not find that the absence of Donald's other acts testimony would have changed the outcome of this case. Indeed, the sole issue in this case, namely the identity of the burglar, was addressed several times throughout the state's case-in-chief. In particular, Donald and Noralee independently identified appellant as the burglar when shown a photo array that included his photograph. Further, they identified appellant as the burglar again at trial. Appellant offered no evidence to rebut this identification testimony.

{¶ 18} Because the outcome of the trial was not impacted by the alleged other acts evidence, we conclude that the trial court did not commit plain error in its admission of such evidence. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 19} In his third assignment of error, appellant urges that the state failed to comply with the notice requirement set forth in Evid.R. 404(B) prior to admitting the other acts evidence.

8.

{¶ 20} Evid.R 404 was amended in 2012 to adopt a notice requirement. As noted above, Evid.R. 404 now requires the proponent of such evidence to provide reasonable notice "in advance of trial, or during trial if the court excuses pretrial notice on good cause shown * * *." Evid.R. 404(B). Following its amendment, the Ohio rule is now similar to the federal rule, which requires reasonable notice of the general nature of any such evidence in order to prevent unfair surprise. *State v. Plevyak*, 11th Dist. Trumbull No. 2013-T-0051, 2014-Ohio-2889, ¶ 12.

{¶ 21} In this case, the state did not provide appellant with notice of its intent to use other acts evidence under Evid.R. 404(B). Thus, the state ran afoul of the notice requirement in Evid.R. 404(B) to the extent that certain portions of Donald's testimony could be said to include other acts evidence. However, any such error was harmless in light of our conclusion that the state's alleged introduction of other acts evidence did not affect the outcome of the trial or otherwise prejudice appellant. Consequently, such error must be disregarded. Crim.R. 52(A). Accordingly, appellant's third assignment of error is not well-taken.

### C. Ineffective Assistance of Counsel

{¶ 22} In his final assignment of error, appellant argues that his trial counsel was ineffective for failing to make several objections at trial.

{¶ 23} In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694.

{¶ 24} Here, appellant contends that trial counsel was ineffective for failing to object to the state's introduction of the aforementioned other acts evidence. Appellant also argues that trial counsel should have objected to testimony offered at trial by Noralee in which she described a photo array as "a lineup of * * * potential people that might have been in trouble and had their pictures taken." Later, during cross examination, Noralee characterized the photographs shown to her during the photo array as "mugshots."

{¶ 25} Having already concluded that the trial court's admission of alleged other acts evidence did not alter the outcome of this case, we find that appellant has not established that he was prejudiced by his counsel's failure to object to such evidence.

{¶ 26} Turning to Noralee's testimony, we note that trial counsel effectively cross-examined Noralee on the photo array issue, resulting in her acknowledgement that the individuals shown in the photo array "could be innocent people for all I know." Given this clarification, we find that appellant received effective assistance of trial counsel. Accordingly, appellant's fourth assignment of error is not well-taken.

## III. Conclusion

**{¶ 27}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.             _____
                                               JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.            _____
CONCUR.                                          JUDGE

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.