[Cite as *State v. Jones*, 2017-Ohio-4351.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO. 8-16-18

v.

LUCAS GARTH JONES,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR16-02-0061

**Judgment Affirmed**

**Date of Decision: June 19, 2017**

APPEARANCES:

    *Peter K. DeSomma* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Lucas Garth Jones ("Jones"), appeals the October 24, 2016 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} This case stems from instances on January 9 and 10, 2016 when Jones presented fraudulent "payroll checks from Subway in Jackson Center, Ohio," payable to Jones, at Winner's Market in Lakeview, Ohio. (Doc. No. 51). (*See also* Doc. No. 43). On May 24, 2016, Jones was convicted of forgery in violation of R.C. 2913.31(A)(3) in Auglaize County, Ohio for presenting a fraudulent payroll check payable to Jones from Subway in St. Marys, Ohio at Pantry Pride in St. Marys on February 5, 2016. (Doc. No. 52). Jones was not an employee of either Subway location. (Doc. Nos. 51, 52).

{¶3} On March 8, 2016, the Logan County Grand Jury indicted Jones on two counts of forgery in violation of R.C. 2913.31(A)(3), fifth-degree felonies. (Doc. No. 4). On March 11, 2016, Jones appeared for arraignment and pled not guilty to the counts of the indictment. (Doc. No. 11).

{¶4} On September 7, 2016, the State filed a motion in limine requesting permission to introduce evidence at trial under Evid.R. 404(B) that Jones was convicted of the same crime in Auglaize County on May 24, 2016. (Doc. No. 52).

After a hearing that same day, the trial court granted the State's motion. (Sept. 7, 2016 Tr. at 14).

{¶5} The case proceeded to a jury trial on September 8, 2016. (Doc. No. 86). On September 8, 2016, the jury found Jones guilty as to the counts of the indictment. (Doc. Nos. 56, 57). The trial court filed its judgement entry of conviction on September 12, 2016. (Doc. No. 60). On September 12, 2016, the trial court sentenced Jones to 10 months in prison on Count One and 10 months in prison on Count Two, and ordered that Jones serve the terms consecutively for an aggregate sentence of 20 months. (Doc. No. 65). The trial court further ordered that Jones's 20-month sentence in this case be served consecutively to his sentences in the Auglaize County case and a Shelby County, Ohio case. (*Id.*). The trial court filed its judgment entry of sentence on October 24, 2016. (*Id.*). The trial court filed a nunc pro tunc sentencing entry on October 31, 2016. (Doc. No. 74).

{¶6} Jones filed a notice of appeal on November 22, 2016. (Doc. No. 78). He raises two assignments of error for our review, which we discuss together.

**Assignment of Error No. II**

**The Court Erred, to the Prejudice of Defendant, in Admitting Other "Bad Acts" Evidence Under Evid. R. 404(B).**

**Assignment of Error No. I**

**The Court Erred, to the Prejudice of Defendant, in Admitting Evidence Rule 404(B) Material on Only One Day of Notice Before Trial.**

**{¶7}** In his assignments of error, Jones argues that the trial court abused its discretion by admitting evidence under Evid.R. 404(B). In particular, under his second assignment of error, Jones argues that evidence of his conviction for the same crime in Auglaize County is prejudicial and not admissible under Evid.R. 404(B). Under his first assignment of error, Jones argues that the State provided untimely notice of its intent to use the other-acts evidence.

**{¶8}** "'Generally, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to prove a defendant's character or that the defendant acted in conformity therewith.'" *State v. Wendel*, 3d Dist. Union No. 14-16-08, 2016-Ohio-7915, ¶ 21, quoting *State v. Hawthorne*, 7th Dist. Columbiana No. 04 CO 56, 2005-Ohio-6779, ¶ 24, citing *State v. Elliott*, 91 Ohio App.3d 763, 770 (3d Dist.1993) and Evid.R. 404. ""'Evidence of other crimes, wrongs, or acts'"" ""'may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"" *Id.*, quoting *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 15, quoting Evid.R. 404(B). *See also* R.C. 2945.59.

**{¶9}** "In *State v. Williams*, the Supreme Court of Ohio set forth the three-step analysis trial courts should conduct in determining whether 'other acts' evidence is admissible under Evid.R. 404(B)." *Id.* at ¶ 22, citing *Williams* at ¶ 19-20. "'The

first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Id.*, quoting *Williams* at ¶ 20, citing Evid.R. 401. "'The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B).'" *Id.*, quoting *Williams* at ¶ 20. "'The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.'" *Id.*, quoting *Williams* at ¶ 20 citing Evid.R. 403.

**{¶10}** "Generally, '[a] trial court is given broad discretion in admitting and excluding evidence, including "other bad acts" evidence." *Id.* at ¶ 23, quoting *State v. Williams*, 7th Dist. Jefferson No. 11 JE 7, 2013-Ohio-2314, ¶ 7, citing *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). As such, "a reviewing court will not reverse a trial court's evidentiary ruling absent an abuse of discretion that materially prejudices the affected party." *State v. Glenn-Coulverson*, 10th Dist. Franklin No. 16AP-265, 2017-Ohio-2671, ¶ 24, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶11} The trial court did not abuse its discretion by admitting the other-acts evidence. Under the first step of the *Williams* analysis, the evidence that Jones was convicted of forgery in March 2016 in Auglaize County for passing bad checks is relevant to making it more probable that Jones committed the forgeries in this case. *See State v. Regan*, 5th Dist. Delaware No. 13CAA080067, 2014-Ohio-3797, ¶ 19 (concluding that "evidence of [Regan] previously selling fake [baseball] cards on two separate occasions in two separate states was relevant" to making it more probable that he sold a fake baseball card). Indeed, in both cases, Jones presented fraudulent payroll checks from Subway restaurants at which he was not an employee.

{¶12} Concerning the second step of the *Williams* analysis, the evidence that Jones was convicted of forgery for passing similar bad checks reflects a similar "motive, intent, knowledge, and absence of mistake" regarding the checks in this case. *See State v. Yoder*, 5th Dist. Licking No. 16-CA-54, 2017-Ohio-903, ¶ 20 ("We have previously found evidence of other bad checks may be relevant to the issue of motive, intent, knowledge, or absence of mistake."), citing *State v. Smith*, 5th Dist. Stark No. 2002CA306, 2003-Ohio-2033, ¶ 35; *Regan* at ¶ 19 (concluding that the evidence of Regan's prior sales of fraudulent baseball cards was "admissible to show his intent, knowledge and absence of mistake"); *State v. Woods*, 12th Dist. Butler No. CA94-12-225, 1995 WL 1565271, *3 (Oct. 2, 1995) (concluding that

"the evidence concerning the other bad checks written by" Woods was admissible under Evid.R. 404(B) because it was shown to prove Woods's "identity as the author of the six bad checks charged in the indictment" and was "probative of [Woods's] intent to defraud the bank and the absence of mistake or accident, as well as his scheme, plan or system in committing the underlying crimes with which he was charged").

{¶13} Finally, the third and final step of the *Williams* analysis involves a consideration of whether the probative value of the other-acts evidence is substantially outweighed by the danger of unfair prejudice. *Wendel*, 2016-Ohio-7915, ¶ 28. The evidence of Jones's Auglaize County conviction "is not unduly prejudicial 'because the trial court instructed the jury that this evidence could not be considered to show that [Jones] acted in conformity with a character trait.'" *Id.*, quoting *Williams* at ¶ 24. (*See* Sept. 8, 2016 Tr. at 115). The trial court's limiting instruction lessened any prejudicial effect of the evidence of Jones's Auglaize County conviction, and corroborated that Jones did not mistakenly present the fraudulent checks because the crimes are sufficiently similar to prove that Jones did not mistakenly believe the checks were not fraudulent. *Wendel* at ¶ 28; *Yoder* at ¶ 23 ("The crimes are sufficiently similar to prove [Yoder] did not mistakenly believe the instant checks were 'lost.'"). As such, any prejudicial effect did not substantially

outweigh the probative value of the evidence. *See Regan* at ¶ 19. *See also Wendel* at ¶ 28, quoting *Williams* at ¶ 24.

**{¶14}** Jones further argues under his first assignment of error that the State failed to comply with the notice requirement of Evid.R. 404(B). In particular, he argues that the State's motion was untimely because it was filed one day before trial.

**{¶15}** "Evid.R 404 was amended in 2012 to adopt a notice requirement." *State v. Nuzum*, 6th Dist. Lucas No. L-15-1122, 2016-Ohio-2744, ¶ 20. As a result of that amendment, "[t]he proponent of other-acts evidence must provide 'reasonable notice in advance of trial' of the general nature of any such evidence it intends to introduce at trial." *Yoder* at ¶ 24, quoting Evid.R. 404(B). "'[T]he notice given to the defense regarding "other crimes" evidence must be sufficiently clear so as "to permit pretrial resolution of the issue of its admissibility."'" *Id.*, quoting *State v. Tran*, 8th Dist. Cuyahoga No. 100057, 2014-Ohio-1829, ¶ 23, quoting *United States v. Long*, 814 F.Supp. 72, 74 (D.Kan.1993). "Following its amendment, the Ohio rule is now similar to the federal rule, which requires reasonable notice of the general nature of any such evidence in order to prevent unfair surprise." *Nuzum* at ¶ 20, citing *State v. Plevyak*, 11th Dist. Trumbull No. 2013-T-0051, 2014-Ohio-2889, ¶ 12. "'Whether notice is "reasonable" will depend on the facts and circumstances of each case.'" *Yoder* at ¶ 24, quoting *Plevyak* at ¶ 19.

{¶16} We conclude, based on the specific facts and circumstances of this case, that Jones was provided reasonable notice in advance of trial of the State's intention to use the other-acts evidence at trial. *See Plevyak* at ¶ 20 (concluding that Plevyak could not "demonstrate either unfair surprise or prejudice" by the State's notice on the morning of trial that it intended to introduce other-acts evidence at trial); *Yoder* at ¶ 25 (concluding that "the four-day notice period in the instant case to be 'reasonable notice in advance of trial'"). Notwithstanding Jones's contention on appeal that he was notified the day before trial, the record reflects that his trial counsel was notified two days before trial of the State's intention to use the other-acts evidence. (*See* Sept. 7, 2016 Tr. at 10). The notice in this case allowed a pretrial resolution of the question of admissibility of the evidence at which Jones was provided the opportunity to challenge its admissibility. (*See id.*). *See also Yoder* at ¶ 25; *Plevyak* at ¶ 54 (Cannon, P.J., concurring in part and concurring in judgment only in part). Moreover, Jones cannot say that he was unfairly surprised by the State's notice that it intended to introduce his Auglaize County conviction because he was certainly aware of it.

{¶17} For these reasons, we hold that the trial court did not abuse its discretion by admitting the Evid.R. 404(B) evidence in this case.

{¶18} Jones's assignments of error are overruled.

**{¶19}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**