[Cite as *State v. Plevyak*, 2014-Ohio-2889.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0051** |
| JAMES M. PLEVYAK, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CR 00515.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} James M. Plevyak, II, appeals from the judgment entry of the Trumbull County Court of Common Pleas, sentencing him to nine years imprisonment for his convictions on three counts of gross sexual imposition, following jury trial. He asserts the trial court erred by permitting the state to introduce evidence of other alleged bad acts. Additionally, Plevyak claims that his convictions are against the manifest weight of the evidence. We affirm.

{¶2} September 1, 2011, the Trumbull County Grand Jury returned a five-count indictment against Plevyak: four counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(B) and (C)(2); and one count of disseminating matter harmful to juveniles, a felony of the fourth degree, in violation of R.C. 2907.31(A)(1) and (F). The charges stemmed from allegations that Plevyak had sexual contact with the nine year old grandson of his mother's boyfriend. Specifically, the four gross sexual imposition charges all involved allegations that Plevyak touched the genitalia of the victim in this case.

{¶3} Athena R. ("Athena") is a single mother who lived in Niles, Ohio with her two sons during 2010, the time the events charged occurred. Athena's two children are Z.R., the victim in this case, who was nine years old at the time, and J.R. (Z.R.'s younger brother), who was three. Z.R.'s grandfather had dated Plevyak's mother, Sandra, for several years. Sandra Plevyak frequently babysat Z.R. and J.R. while Athena worked as a waitress.

{¶4} Plevyak, who was 28 years old at the time, often helped his mother babysit the boys. Appellant spent most of his time with Z.R. in an upstairs bedroom playing video games while his mother babysat J.R. on the first floor. Z.R. testified that Plevyak frequently exposed his penis to Z.R. while they were alone upstairs, and that Plevyak also masturbated in front of him. Plevyak also showed Z.R. pornographic videos and photographs on his cell phone.

{¶5} Eventually, Plevyak began touching Z.R. by putting his hand down Z.R.'s underwear. Plevyak also bathed Z.R., washing his genital area with his soapy bare hands. Z.R. testified that on one occasion, appellant took off his clothes and got into

2

the tub with him. According to Z.R., appellant told the boy not to tell anyone about these encounters.

{¶6} After a year of these activities, Z.R. told his mother what was occurring. After Z.R. and his mother reported these events to the Niles Police, Plevyak agreed to be interviewed. He admitted giving Z.R. a bath and a shower. Plevyak agreed to take a stipulated polygraph wherein he denied he had engaged in any sexual touching of Z.R.'s genitals. The polygraph examiner testified Plevyak exhibited signs of deception regarding the question.

{¶7} During the trial held in this matter in February 2013, the state dismissed the count regarding disseminating matter harmful to juveniles. Plevyak was found guilty on three of the four remaining counts of gross sexual imposition. In April 2013, Plevyak was sentenced to three consecutive terms of three years imprisonment. This appeal timely ensued.

{¶8} Plevyak presents two assignments of errors. They read:

{¶9} "[1.] The Trial Court erred, both as a matter of law and as an abuse of discretion, by permitting the Appellee to introduce evidence of other alleged bad acts of Appellant, to the prejudice of the Appellant.

{¶10} "[2.] The Appellant's convictions are against the manifest weight of the evidence."

{¶11} By his first assignment of error, Plevyak argues the trial court committed reversible error, both as a matter of law and under an abuse of discretion standard, by admitting the other acts evidence. Specifically, he alleges the state failed to provide

3

notice of its intent to use such evidence under Evid.R. 404(B), and that the trial court failed to conduct the required analysis for the admissibility of these other acts.

{¶12} Evid.R 404 concerns the use of evidence of other crimes, wrongs or acts. Other acts evidence is inadmissible to show a defendant's allegedly bad character. Evid.R 404 was amended in 2012 to adopt a notice requirement. The new provision requires the proponent of such evidence to provide reasonable notice "in advance of trial, or during trial if the court excuses pretrial notice on good cause shown * * *." Evid.R. 404(B). The Ohio rule is now similar to the federal rule which requires reasonable notice of the general nature of any such evidence in order to prevent unfair surprise. *United States v. Lucas*, U.S. Dist. Court, Northern Ohio, 2009 U.S. Dist. LEXIS 123884, *18.

{¶13} On the morning of trial, Plevyak's counsel made an oral motion in limine to exclude evidence of "other acts" under Evid.R. 404(B) and R.C. 2945.59. These acts included additional incidents of Plevyak exposing himself and masturbating in front of Z.R., for which he was not charged. Trial counsel asserted he was not provided reasonable notice of the state's intent to bring other acts into evidence.

{¶14} The assistant prosecutor responded there was no requirement for the state to put defense counsel on notice of its intention to introduce evidence of other acts by Plevyak. The assistant prosecutor argued these other acts were inextricably interwoven with the other facts in the case, and that failure to describe these acts would prevent the jury from forming a fair and accurate picture of events. The assistant prosecutor also noted that all the information regarding these other acts had been made available to defense counsel under open file discovery.

4

{¶15} In response to questioning from the trial court, defense counsel admitted he had been aware for some time of these other acts and was not surprised the state intended to use them in its case. The trial court then denied the motion in limine. During trial, defense counsel objected regarding these "other acts" during Z.R.'s testimony and the testimony of William Evans, the forensic polygraphist who conducted the stipulated polygraph.

{¶16} The state asserted at oral argument that Evid.R. 404(B) does not require notice to the defendant of these "other acts" as they are inextricably interwoven with the essential facts of the case. The state argued that these "other acts" were blended; essentially part and parcel of the crimes charged and therefore no notice was required. We disagree.

{¶17} Several of these "other acts" involved acts that occurred weeks and months apart from the crimes with which Plevyak was charged. Under Evid.R. 404(B) other acts may be admissible to show the background of the crimes with which a defendant is charged, or when the other acts are "'inextricably related'" to those crimes. *State v. Lowe*, 69 Ohio St.3d 527, 531, quoting *State v. Curry,* 43 Ohio St.2d 66, 73 (1975). That these "other acts" are inextricably interwoven with the primary facts in the case goes to the issue of their admissibility—not whether the state was required to provide notice to the defendant under Evid.R. 404(B).

{¶18} The state also averred at oral argument that open file discovery provided Plevyak with knowledge of the "other acts" evidence and this was equivalent to giving him notice of the state's intent to use this evidence. Again, we disagree. There is a

difference between a defendant knowing the state possesses "other acts" evidence and a defendant knowing the state intends to use it at trial. A defendant's decision to go forward at trial may well depend on what evidence the state intends to introduce. If providing discovery alone were sufficient to satisfy the notice requirements of Evid.R. 404(B) the rule would be superfluous. Statutes and rules are to be construed so as to avoid such unreasonable or absurd results. *State ex rel. Asti v. Ohio Dept. of Youth Servs.,* 107 Ohio St.3d 262, 2005-Ohio-6432, ¶28.

{¶19} The federal rule, upon which Evid.R. 404(B) is based, requires reasonable notice of the general nature of these "other acts" in order to prevent unfair surprise. *Lucas*, *supra.* Whether notice is "reasonable" will depend on the facts and circumstances of each case.

{¶20} In the present case Plevyak received notice of the state's intent to introduce "other acts" evidence on the morning of trial. Plevyak's defense counsel acknowledged he was aware of the other acts evidence from open file discovery, and was not surprised by the state's intent to introduce this evidence at trial. As such Plevyak was not prejudiced by the lack of pretrial notice.

{¶21} Further, the Staff Notes to the 2012 Amendment to Evid.R. 404 state the rule on notice "should not be construed to exclude otherwise relevant and admissible evidence solely because of a lack of notice, absent a showing of bad faith." The assistant prosecutor told the trial court there was no requirement the state provide defense counsel with notice. While we disagree with the assistant prosecutor's interpretation of the rule we are not prepared to say that this interpretation is tantamount to bad faith. There is no evidence that the prosecutor acted in bad faith—that is,

withholding notice of the "other acts" in order to gain a tactical advantage at trial. Even Plevyak in his brief does not accuse the state of acting in bad faith.

{¶22} The notice provision in the federal rules upon which the amendment to Evid.R. 404(B) is based is meant to prevent unfair surprise. Plevyak cannot demonstrate either unfair surprise or prejudice through the lack of pretrial notice of these other acts. As there is no evidence the state withheld such notice in bad faith, any error in failing to provide pretrial notice was harmless.

{¶23} Next we turn to Plevyak's claim the trial court abused its discretion by allowing evidence of these other acts to be admitted. The decision whether to admit or exclude relevant evidence lies within the discretion of the trial court. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271 (1991). An appellate court will not reverse that decision absent an abuse of discretion and a showing of prejudice. *Id.* The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶24} Evidence an accused committed a crime, other than that for which he or she is on trial, is not admissible when its sole purpose is to show the defendant's propensity or inclination to commit crime. *State v. Curry,* 43 Ohio St.2d 66, 68 (1975). Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith[,]" but may be admissible for other purposes. Evidence of other crimes, wrongs, or bad acts

7

may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Such evidence is "not admissible to prove the character of a person in order to show action in conformity therewith * * *." *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, ¶18.

**{¶25}** Plevyak argues the state could have easily elicited testimony from Z.R. and the other witnesses about only those acts which constituted the crimes charged, and the case still would have made sense to the jury. At the pretrial hearing the assistant prosecutor argued these other acts were "inextricably intertwined" with the conduct of Plevyak and the lack of such evidence would prevent the jury from seeing a fair and accurate picture of the crimes charged. The state's position has merit.

**{¶26}** Evidence of other acts may be admissible to show the background of the crimes with which a defendant is charged, or when the other acts are "'inextricably related'" to those crimes. *State v. Lowe*, 69 Ohio St.3d 527, 531 (1994), quoting *Curry*, *supra*, at 73. Z.R. testified that Plevyak would frequently expose his penis to Z.R. while they were alone upstairs; that Plevyak would masturbate in front of him; and that he would put Z.R.'s hand on his (Plevyak's) penis. *See State v. Frost,* 6th Dist. Lucas Nos. L-06-1142 and L-06-1143, 2007-Ohio-3469, ¶33 (other acts evidence shows that defendant committed similar crimes against the same victim within a period of time near to the crimes charged); *State v. Walker,* 8th Dist. Cuyahoga No. 79767, 2002 Ohio App. LEXIS 1599, *8 (other acts were inextricably related to the defendant's alleged course of conduct and formed a background necessary to give a complete picture of the alleged crime; child victim's testimony about previous sexual advances played an

8

integral part in explaining the sequence of events and was necessary to give the jury a complete picture of the crimes with which defendant was charged).

**{¶27}** Plevyak next argues that the Ohio Supreme Court has instructed courts to conduct a three step analysis to determine whether other acts evidence is admissible. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695 ¶19. He claims the trial court failed to conduct the analysis necessary to admit evidence of other acts.

**{¶28}** "The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* at ¶20 citing Evid.R. 401. The second step is to "consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether [it] is presented for a legitimate purpose, such as those stated in Evid.R. 404(B)." *Id.* "The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice." *Id.*, citing Evid.R. 403.

**{¶29}** As to the first step of the *Williams* test, Z.R.'s testimony was relevant because it showed Plevyak's actions escalated from exposing himself, to masturbating in front of Z.R., then to touching Z.R.'s genitalia. Such testimony explains the sequence of events leading up to the crimes charged as well as provides evidence regarding one of the elements of the offense: that Plevyak committed these acts for the purpose of sexual gratification.

**{¶30}** The second step relates to whether the evidence was presented to prove Plevyak's character and to show that the conduct was in conformity with that character.

9

The court in *Williams* determined the potential prejudice is lessened when the trial court instructs the jury that other acts evidence is not introduced as character evidence. *Williams*, *supra*, at ¶23. Here, the trial court gave a limiting instruction to the jury that this evidence could not be considered to prove Plevyak's character, or that he acted in conformity with that character. We presume the jury followed those instructions. *See State v. Garner,* 74 Ohio St.3d 49, 59 (1995); *Pang v. Minch,* 53 Ohio St.3d 186, 195 (1990).

{¶31} Third, we consider whether the probative value of the other acts evidence of Plevyak's escalating behavior is substantially outweighed by the danger of unfair prejudice. This evidence was not unduly prejudicial as the trial court instructed the jury it could not be considered to show that appellant had acted in conformity with a character trait. *Williams*, *supra,* at ¶24.

{¶32} Further, the state contends any error in admitting the other acts testimony was harmless**.** We agree. The admission of improper evidence is harmless if the remaining evidence provides overwhelming proof of the defendant's guilt. *State v. Sage*, 31 Ohio St.3d 173, 181 (1987). The testimony of Z.R., even without the other acts evidence, is compelling and credible. The alleged inconsistencies in Z.R.'s testimony noted by Plevyak mostly relate to the fact that as time went on, Z.R. revealed more details of his experiences with Plevyak. The testimony of Z.R.'s mother, David Smith, the Children Services caseworker and Daniel Adkins of the Niles Police Department all add credence to Z.R.'s testimony.

{¶33} Additionally, the testimony of William Evans, the forensic polygraphist who administered the stipulated polygraph to Plevyak was also compelling. Evans testified

he asked Plevyak four questions regarding his interactions with Z.R.: two of these questions involved the charges against Plevyak and two involved other acts evidence. Evans testified that Plevyak's responses to the two questions involving the charges against him were indicative of deception and that he was lying.

{¶34} In this case, the testimony of the victim, his mother, and the other witnesses is sufficient to "overwhelm" any error in admitting the other acts evidence. The first assignment of error is without merit.

{¶35} In his second assignment of error, Plevyak argues his convictions for gross sexual imposition are against the manifest weight of the evidence, as Z.R.'s recount of Plevyak's alleged course of conduct changed over time, becoming more detailed. He further argues there was no evidence presented he committed these acts for personal sexual gratification, one of the elements of the offense.

{¶36} As this court stated in *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *13-14 (Dec. 23, 1994):

{¶37} "'[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

{¶38} "'In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" (Citations omitted.) * * *" (Emphasis sic.)

11

**{¶39}** A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

**{¶40}** Regarding the manifest weight of the evidence, we note the jury is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967). Here, the jury chose to believe the state's witnesses. That Z.R.'s testimony in court was more detailed than his initial report to his mother and police is not surprising. Based on the evidence presented we cannot say the jury clearly lost its way in finding Plevyak guilty of gross sexual imposition. *Schlee, supra*, at *14-15; *Thompkins, supra*, at 387.

**{¶41}** Plevyak's argument the state failed to introduce evidence he committed his crimes for personal sexual gratification is not a manifest weight argument: it is an argument regarding sufficiency of the evidence. Plevyak is arguing that the state failed to introduce evidence on an element of the crime. *See, e.g., State v. Anthony*, 11th Dist. Lake No. 2013-L-021, 2013-Ohio-5652, ¶47. We find the testimony of Z.R., that Plevyak fondled his genitalia, and exposed his own erect penis to the child, to be sufficient evidence from which a jury could find Plevyak committed these crimes for his own sexual gratification.

**{¶42}** The second assignment of error is without merit.

**{¶43}** For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.

12

TIMOTHY P. CANNON, P.J., concurs in part and concurs in judgment only in part, with a Concurring Opinion.

THOMAS R. WRIGHT, J., concurs in judgment only.

_____

TIMOTHY P. CANNON, P.J., concurring in part and concurring in judgment only in part.

{¶44} I concur in the judgment of the majority, affirming the decision of the trial court. I write separately because I do not agree with the majority's analysis under appellant's first assignment of error. The majority does not clarify the distinction between the state's contention that the evidence of prior misconduct is admissible because it is "inextricably intertwined," and thereby exempt from the requirements of Evid.R. 404(B), with the trial court's correct decision to admit the evidence under Evid.R. 404(B).

{¶45} "Other acts" evidence may be properly admitted either as "inextricably intertwined" with an offense *or* under Evid.R. 404(B) for a legitimate purpose. However, the majority opinion seems to combine these two, holding that the acts were "inextricably intertwined" *and* properly admitted under Evid.R. 404(B). In other words, the majority combines, without clear distinction, two separate and distinct methods of admitting "other acts" evidence. There is case law that also blurs the line between evidence that is "intrinsic to the offense" and evidence that is specifically admissible as set forth in Evid.R. 404(B). *See* Imwinkelried, *The Second Coming of Res Gestae: A Procedural Approach to Untangling the "Inextricably Intertwined" Theory for Admitting Evidence of an Accused's Uncharged Misconduct*, 59 Cath.U.L.Rev. 719, 725 (2010)

13

(noting that courts tend to fuse "inextricably intertwined" with Evid.R. 404 when admitting certain evidence).

**{¶46}** Evid.R. 404(B) applies initially to limit the admission of other acts evidence that is "extrinsic" to the crime charged. *See Jordan v. Dayton Testing Lab., Inc.*, 2d Dist. Montgomery No. 19741, 2004-Ohio-2425, ¶48 (Ohio courts have held that Evid.R. 404(B) only excludes extrinsic evidence). Accordingly, acts intrinsic to the alleged crime do not fall under Evid.R. 404(B)'s limitation on admissible evidence. A majority of federal circuit courts have reached the same result when considering the federal version of Evid.R. 404(B). *See, e.g.*, *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995); *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993); *United States v. Allen*, 960 F.2d 1055, 1058 (D.C. Cir.1992); *United States v. Roberts*, 933 F.2d 517, 520 (7th Cir.1991); *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990); *United States v. Foster*, 889 F.2d 1049, 1054-55 (11th Cir.1989); and *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.1989).

**{¶47}** When other acts are "inextricably intertwined" with that offense, those acts are said to be intrinsic to the alleged crime. In other words, acts that are "inextricably intertwined" aid understanding by "complet[ing] the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir.2008). "Evidence of other crimes is admissible when evidence of the other crime is so blended or connected with the crime on trial as the proof of one crime incidentally involves the other crime, or explains the circumstances, or tends logically to prove any element of the crime charged." *State v. Long*, 64 Ohio App.3d 615, 617 (9th Dist.1989).

14

{¶48} Under the facts of this case, I disagree with the majority's conclusion that appellant's other acts—i.e., grooming the victim over the course of time by a series of escalating sexual conduct—were intrinsic or "inextricably intertwined" with the three counts of gross sexual imposition. The other acts presented at trial were distinct from the crimes charged. The acts did not tend to prove any element of gross sexual imposition. Indeed, the conduct of appellant that occurred weeks and months prior to the commission of the crimes charged is distinct from the conduct intrinsic to the crime charged.

{¶49} An example of "inextricably intertwined" evidence includes the discharge of a weapon in a conviction for felonious possession of a firearm. The court in *United States v. Roszkowski*, 700 F.3d 50, 56 (1st Cir.2012) stated the following:

> It is common ground that evidence of prior bad acts, including a defendant's antecedent criminal activities, may not be introduced to prove subsequent 'action in conformity therewith.' * * * That prohibition, however, typically refers to evidence that is extrinsic to the crime charged, and is introduced for the purpose of showing villainous propensity. * * * Here, we needn't reach the question of propensity; the fact that [the defendant] discharged his weapon is intrinsic to its felonious possession. That is to say, the evidence comprises part and parcel of the core events undergirding the crime for which he was charged. Thus, the evidence is not 'other acts' evidence at all, and, accordingly, Rule 404(b) is not implicated.

{¶50} In this case, while the other acts show appellant's increasingly brazen behavior, they do not tend to prove an element of the crimes charged. As such, I disagree that the other acts evidence is either intrinsic or "inextricably intertwined" with appellant's three counts of gross sexual imposition.

{¶51} I also disagree with the majority's contention that the notice requirements of Evid.R. 404(B) must be complied with when the other acts evidence is "inextricably

15

intertwined" with or "intrinsic" to the charged crime. Courts have commented that one of the only noticeable differences between allowing "other acts" into evidence under Evid.R. 404(B), as opposed to admitting them as "inextricably intertwined," is the fact that the notice requirements do not apply to intrinsic evidence. *See United States v. Green*, 617 F.3d 233, 247 (3rd Cir.2010), citing *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir.2000). I find no support for the majority's application of Evid.R. 404(B)'s notice requirement to the admission of intrinsic evidence.

**{¶52}** I agree with the majority's conclusion that the history of conduct between appellant and the victim in this case is admissible under Evid.R. 404(B). Evid.R. 404(B) allows evidence of other acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident. The majority opinion correctly applies the three-step analysis found in *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶20. The focus in this case is on the second prong, to wit: whether the evidence was offered for a legitimate purpose. Here, the evidence was properly admitted to prove appellant's motive, intent, and plan. Therefore, as this evidence is admissible under Evid.R. 404(B), the notice requirements contained therein are applicable. The issue to resolve is whether the state complied with those notice requirements.

**{¶53}** Evid.R. 404(B) was amended in 2012 to add the relevant notice provision. Pursuant to amended Evid.R. 404(B), the party seeking to introduce evidence of other acts "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Staff Notes accompanying the amendment

16

state that "the purpose of adding the notice requirement is to provide the prosecution and the defense with the opportunity to prepare their case." Furthermore, the Staff Notes state, "[t]he rule should not be construed to exclude otherwise relevant and admissible evidence solely because of a lack of notice, absent a showing of bad faith." It is clear from these Staff Notes that the notice requirement is designed to prevent unfair surprise.

{¶54} Evid.R. 404(B) does not provide any specific direction in the rule as to what form this notice should take, how it is to be delivered, or what the time frame is for disclosure. Therefore, whether the notice is proper is an issue that must be resolved ad hoc. The test is to determine whether the information supplied fairly puts the opposing party on notice of the existence of the information, with an understanding that it may be presented at trial. Notice is appropriate when the other party (1) is in a position to file a pretrial motion to determine the admissibility of the evidence; (2) is alerted to the effort to attempt its admission at trial; and/or (3) has the opportunity to produce evidence that challenges the credibility of the "other acts" evidence.

{¶55} In this case, the record establishes appellant had sufficient notice that the state was seeking to admit other acts evidence that was extrinsic to the offenses charged. The trial court ensured there was no unfair surprise by interviewing appellant's counsel. Prior to trial, appellant's counsel acknowledged he was aware of the information. Further, the evidence was turned over to appellant during the discovery process. As such, there was no undue surprise, and I find there was reasonable notice to appellant of the state's plan to introduce other acts evidence under Evid.R. 404(B).

17

{¶56} Finally, I believe that the majority's harmless error analysis is unnecessary. The admission of appellant's other acts with the victim was admissible under Evid.R. 404(B). There is no need to discuss the relative harm of error where no error has occurred.

{¶57} In conclusion, I would hold under appellant's first assignment of error that the "other acts" were extrinsic to the crime on trial, that the state gave appellant sufficient notice of its intent to introduce the evidence under Evid.R. 404(B), and that the trial court correctly admitted the evidence pursuant to Evid.R. 404(B).

{¶58} For the foregoing reasons, I concur in judgment only with the disposition of appellant's first assignment of error. I concur with the judgment and majority opinion regarding appellant's second assignment of error.