[Cite as *State v. Joseph*, 2017-Ohio-588.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID JOSEPH | : | Case No. 16-CA-59 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                Common Pleas Court, Case No.
                                2016 CR 00149


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               February 13, 2017


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRYAN R. MOORE                          ROBERT C. BANNERMAN
Licking County Prosecutor's Office      PO Box 77466
20 S. Second Street, Fourth Fl.         Columbus, Ohio 43207
Newark, Ohio 43055

*Baldwin, J.*

{¶1} Appellant David Joseph appeals a judgment of the Licking County Common Pleas Court convicting him of one count of passing a bad check (R.C. 2913.11(B)), and sentencing him to one year incarceration. Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On February 25, 2016, appellant opened a savings account with TrueCore Federal Credit Union, depositing $5.00. He opened a checking account as well, but did not deposit any money in the checking account.

{¶3} On March 5, 2016, appellant entered Pugh's Designer Jewelers. He told the sales clerk that he wanted to buy a chain for his son's sixteenth birthday. He chose a 30" gold rope chain priced at $1265.00. He wrote a check for $1,056.71. The actual total cost of the chain was $1,356.71, but the clerk did not immediately notice the discrepancy.

{¶4} The manager of the store took the check after appellant left the store. She noticed that it was written for the incorrect amount. She could not present the check for payment at any of the banks the store used because they were closed on Saturday. However, she called the credit union, and was informed that there were insufficient funds in the account to cover the check.

{¶5} On March 5, 2016, appellant and a female companion went to Ohio Jewelry, a certified gold buyer, and sold a gold rope chain for $250 in cash. The store employee measured the chain at 28"; however, he did not have a long enough measuring tape and had folded the chain in half, thus the measurement was estimated. Appellant did most of the talking during the sale, and stated that they needed money for car repairs.

{¶6} According to a credit union employee, the $5.00 deposit in appellant's account had been transferred into checking to attempt to cover checks that had bounced. The account was closed on March 11, 2016, with no deposits having been made to the checking account.

{¶7} Appellant was indicted with one count of passing bad checks in violation of R.C. 2913.11(B). Appellant filed a motion in limine to exclude evidence of other bad acts. The case proceeded to jury trial in the Licking County Common Pleas Court, and appellant was convicted as charged. He was sentenced to one year incarceration. He assigns two errors on appeal this Court:

{¶8} "I. PREJUDICIAL OTHER ACTS EVIDENCE WAS USED TO CONVICT APPELLANT.

{¶9} "II. THE STATE'S CASE AS TO PASSING A BAD CHECK WAS INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶10} In his first assignment of error, appellant argues that the court erred in admitting evidence of other bad acts, in violation of Evid. R. 404(B), which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or

during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶11} Appellant filed a motion in limine to exclude evidence of other bad acts. However, appellant failed to object at trial to any of the evidence he now claims was improperly admitted. A denial of a motion in limine does not preserve error for appellate review; an objection must be raised to the admission of the evidence at trial to preserve error. *State v. Brown*, 38 Ohio St.3d 305, 311–12, 528 N.E.2d 523, 533 (1988).

{¶12} Therefore, we must find plain error in order to reverse. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶13} Appellant first claims error in the admission of the testimony of the sales clerk that after appellant left Pugh's Jewelry, employees called the credit union to verify the funds, and that it is the manager's decision as to on when a person is permitted to leave the store without first verifying that funds are available to pay the check. Tr. 86-87. Appellant does not explain how this evidence constitutes evidence of other bad acts of appellant, or how he was prejudiced by this testimony. We find no error in the admission of this testimony.

{¶14} Appellant next claims error in the admission of the testimony of Jason Hall, Director of Operations for the credit union:

Q. Okay. And that page you're looking at, just directing you to the top where it says transaction summary, do you see that?

A. Yes. Um-hmm.

Q. Are you able to tell if there were ever any deposits made on this account?

A. Only the $5.00 to savings; none to checking.

Q. Okay. Were there – anything – any actions that took the account into the negative?

A. Looks like quite a few checks—

Q. Okay.

A. –that bounced.

{¶15} Tr. 117.

{¶16} While this was evidence of other bad acts by appellant, we do not find plain error in the admission of this testimony. The state was required to prove that appellant, with purpose to defraud, issued, transferred, or caused to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored. R.C. 2913.11(B). Evidence of other bad checks written on the account, to which appellant had deposited no money and had only deposited $5.00 to his savings account, was relevant under Evid. R. 404(B) to the issue of motive, intent, knowledge, or absence of mistake. *State v. Smith*, 5th Dist. Stark No. 2002CA306, 2003-Ohio-2033, ¶35. The trial court did not commit plain error in admitting this testimony.

{¶17} Finally, appellant argues that the court erred in admitting evidence of the transaction between appellant and Ohio Jewelry. However, this is not evidence of other bad acts. Rather, the evidence was direct evidence of his intent to defraud Pugh's

Jewelry. On the same day appellant wrote a check for the chain which was priced at $1265, he sold a chain matching the same descrtiption for $250 in cash. This is direct evidence that appellant knew the check would be dishonored, and he therefore turned around and sold the chain for far less than he "paid" for it using the check. This evidence is not other bad acts evidence as defined by Evid. R. 404(B).

**{¶18}** The first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, appellant argues that the judgment is against the manifest weight and sufficiency of the evidence. He specifically argues that because the check was never formally presented to the bank, and therefore not officially dishonored, he could not be convicted of passing a bad check. He argues that he had ten days to cure any dishonor of the check, upon receiving notice of dishonor, but because the check was never formally presented, he cannot be convicted.

**{¶20}** Appellant was convicted of passing bad checks in violation of R.C. 2913.11(B):

No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.

**{¶21}** R.C. 2913.11(C) sets forth a presumption that a person knows a check will be dishonored:

For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored if either of the following occurs:

(1)     The drawer had no account with the drawee at the time of issue or the stated date, whichever is later;

(2)     The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.

**{¶22}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶23}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶24} The essential elements of passing a bad check under R.C. 2913.11(B) are that appellant (1) with purpose to defraud, (2) issued a check, (3) knowing that it will be dishonored. R.C. 2901.22(B) provides that "a person acts knowingly, regardless of his purpose when he is aware that his conduct will probably cause a certain result or will be of a certain nature. A person has knowledge of the circumstances when he is aware that such circumstances probably exist."

{¶25} R.C. 2913.11(C) establishes a rebuttable presumption to assist the state in meeting its burden of proof with regard to the element of knowledge. While presentment and notice of dishonor are required in order for the state to take advantage of the statutory presumption, they are not required to prove the element of knowledge that the checks would be dishonored for purposes of the offense of passing bad checks. *State v. Askia*, 5th Dist. Delaware No. 2012-CA-13, 2012-Ohio-4670, ¶ 24, *citing State v. Bergsmark*, 6th Dist. Lucas No. L–03–1137, 2004–Ohio-5753, ¶ 15; *State v. Hines*, 12th Dist. Butler No. CA94–09–182, 1995 WL 389570(July 3, 1995). Where the state chooses not to rely upon the statutory presumption or the presumption is inapplicable, the knowledge element may be proven by means other than evidence of presentment and dishonor. *Id.*

{¶26} In the instant case, the State presented evidence that appellant opened a savings account with $5.00, and never made a deposit to the checking account from which he wrote the check for $1,056.71, to purchases a gold chain with a total price of $1,356.71. Later that same day, he sold a chain which matched the description of the chain he purchased from Pugh's for $250.00 in cash. This evidence was sufficient to prove that appellant knew the check would be dishonored, and the judgment is not against the manifest weight of the evidence.

**{¶27}** The second assignment of error is overruled.

**{¶28}** The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Wise, J. concur.