[Cite as *State v. Yoder*, 2017-Ohio-903.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 16-CA-54 |
| | : | |
| MEGAN N. YODER | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 2016 CR
                                00068

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         March 13, 2017

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

KENNETH W. OSWALT                       BREHM & ASSOC., L.P.A.
LICKING CO. PROSECUTOR                  ZACHARY A. MOYER
BRYAN R. MOORE                          14 South High St., P.O. Box 673
20 S. Second St., Fourth Floor          New Albany, OH 43054
Newark, OH 43055

*Delaney, P.J.*

{¶1}   Appellant Megan N. Yoder appeals from the June 29, 2016 Judgment Entry of the Licking County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose on May 7, 2015 when appellant wrote the first of four bad checks to the Hobby Lobby in Heath, Ohio.  Within two months, on two separate accounts, appellant wrote a total of four checks in the store, all of which would be dishonored.

| Date Check Written | Check Number | Account Number | Amount of Check | Reason for Dishonor |
|---|---|---|---|---|
| May 7, 2015 | 1072 | 5567 | $213.57 | Insufficient Funds ("NSF") |
| June 27, 2015 | 311 | 9626 | $525.81 | Stop Payment |
| June 27, 2015 | 313 | 9626 | $370.55 | Stop Payment |
| June 29, 2015 | 314 | 9626 | $277.94 | Stop Payment |

{¶3}   Account number 5567 is in the name of "Megan Smith."  Account number 9626 is in the name of Jonathon Yoder and Megan Yoder.

{¶4}   It is undisputed appellant wrote the checks.  Appellee's evidence included video of appellant completing the two transactions on June 27, 2015.

{¶5}   Appellee's witnesses included a bank representative who testified that appellant's husband placed the stop-payment order on the checks numbered 311, 313, and 314 from the 9626 account giving the reason as "lost checks."  The stop-payment orders were made on June 29, 2015.  The bank witness also testified that at the time the checks were written, the accounts did not contain sufficient funds to support the amounts of the checks.

{¶6}   The Hobby Lobby corporate office became aware of the bad checks and returned them to the Heath store with instructions to initiate a police investigation.  On

November 19, 2015, Sgt. Craig Black of the Heath Police Department spoke to appellant at her home. Appellant admitted writing the checks to Hobby Lobby and said she wanted to make restitution. She told Black the stop-payment orders were issued on the latter three checks because she thought the checks had been lost. Appellant gave a voluntary written statement:

> Checks were issued to Hobby Lobby and a stop payments was made (*sic*). I thought I lost the checks and that's why stop payments were made. I would like to make restitution to Hobby Lobby. I receive disability once a month and I am willing to pay them back. I also have a P.O. box that all mail comes to which is P.O. Box 395, Alexandria, Ohio 43001.

{¶7} Prior to trial, the court had ruled certain other bad acts evidence was admissible only upon rebuttal. After appellee's witnesses testified, however, the trial court ruled that upon reconsideration, the evidence was admissible in appellee's case-in-chief. Appellee's witnesses were thus recalled over appellant's objections.

{¶8} Appellee's additional evidence established appellant wrote bad checks at other Hobby Lobby locations in different counties. Black further testified appellant told him she spoke with detectives regarding these additional bad checks written to other Hobby Lobby locations in other jurisdictions. Appellee also called a Franklin County sheriff's deputy who testified appellant wrote checks from a closed account to a business in Franklin County. Appellant admitted writing the checks and told the deputy she had a "spending problem."

{¶9} Appellant was charged by indictment with one count of passing bad checks pursuant to R.C. 2913.11(B), a felony of the fifth degree, to which she entered a plea of not guilty.

{¶10} On May 6, 2016, appellee filed a Notice of Intent to Offer Certain Evidence, citing Franklin County Court of Common Pleas case number 15 CR 6005 and Franklin County Sheriff's Office report number 01-15-008574. Appellee asserted evidence of appellant's other crimes, wrongs, or acts would be admitted to show absence of mistake or accident. On May 9, 2016, appellant filed a motion in limine seeking to exclude the evidence of other acts.

{¶11} The matter proceeded to trial by jury. Appellant moved for judgment of acquittal at the close of appellee's evidence and at the close of all of the evidence. The trial court gave a limiting instruction regarding the evidence of the other bad acts. In addition, in instructing the jury upon the offense of passing bad checks, the trial court gave the following instruction regarding the presumption of knowledge of dishonor pursuant to R.C. 2913.11(C)(2):

> * * * *.
>
> A person who issues or transfers a check is presumed to know that it will be dishonored if the check was properly refused payment for insufficient funds upon presentment within thirty days after issue, or the stated date, whichever is later, and the liability of the drawer, endorsee, or any party who may be liable therein is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.

* * * *.

T. 228-229.

{¶12}   Appellant was found guilty as charged, with a special finding by the jury that the amount of the checks was $1000.00 or more but less than $7500.00.  Sentencing was deferred pending a pre-sentence investigation.  On June 29, 2016, appellant was sentenced to a three-year period of community control including, e.g., a term of 60 days in the Licking County Jail.

{¶13} Appellant now appeals from the trial court's Judgment Entry of June 29, 2016.

{¶14} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I.   THE TRIAL COURT DID ERR BY ALLOWING THE STATE [TO] PRESENT TESTIMONY ABOUT DEFENDANT'S PRIOR ACTS AND ALLOWING EVIDENCE OF DEFENDANT'S PRIOR ACTS TO BE ENTERED AS EVIDENCE."

{¶16} "II.   THE TRIAL COURT DID ERR WHEN IT GAVE THE JURY A MANDATORY EVIDENTIAL PRESUMPTION AS PART OF ITS INSTRUCTIONS IN ITS CHARGE OF THE JURY."

{¶17} "III.   THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

### I.

{¶18} In her first assignment of error, appellant argues the trial court should not have admitted evidence of the bad checks she wrote in other jurisdictions. We disagree.

{¶19} Evid.R. 404(B) states in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. * * * *." The Rule is in accord with R.C. 2945.59, which states:

> In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{¶20} We have previously found evidence of other bad checks may be relevant to the issue of motive, intent, knowledge, or absence of mistake. *State v. Smith*, 5th Dist. Stark No. 2002CA306, 2003-Ohio-2033, ¶35, appeal not allowed, 99 Ohio St.3d 1544, 2003-Ohio-4671, 795 N.E.2d 682.

{¶21} In the instant case, appellee's uncontroverted evidence established appellant wrote one check on an account with insufficient funds and stop-payment orders were placed on the additional three checks.  When confronted by police, appellant claimed she thought the latter three checks were "lost."  Appellant never disputed writing the checks, however, and appellee's evidence of other acts established that she also wrote bad checks elsewhere, checks she was aware of because she was under investigation.

{¶22} Contrary to appellant's assertions, upon our review of the record, we find the evidence of the other bad checks went to appellant's defense of mistake and were not admitted for the impermissible purposes of character or propensity.  "As long as used for purposes other than proving that the accused acted in conformity with a particular character trait, Evid.R. 404(B) permits the admission of 'other acts' evidence if it is 'related to and share[s] common features with the crime in question.'" *State v. Markwell,* 5th Dist. Muskingum No. CT2011–0056, 2012-Ohio-3096, at ¶ 45, citing *State v. Lowe,* 69 Ohio St.3d 527, 634 N.E.2d 616 (1994), paragraph one of the syllabus.

{¶23} We note a curative instruction was provided; the trial court gave a limiting instruction that evidence of other wrongs and acts was not being offered to prove appellant's character and we presume the jury followed those instructions. *State v. Meeks*, 2015-Ohio-1527, 34 N.E.3d 382, ¶ 96 (5th Dist.), *appeal not allowed,* 143 Ohio St.3d 1543, 2015-Ohio-4633, 40 N.E.3d 1180, citing  *State v. Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 23, citing *State v. Garner,* 74 Ohio St.3d 49, 59, 656 N.E.2d 623 (1995) and *Pang v. Minch,* 53 Ohio St.3d 186, 195, 559 N.E.2d 1313 (1990).  In this case, for some unknown reason, possibly the "spending problem" she

cited to the deputy, appellant wrote significantly large bad checks to several Hobby Lobby locations.  The crimes are sufficiently similar to prove appellant did not mistakenly believe the instant checks were "lost."

{¶24} Appellant further argues that appellee provided notice of the other-acts evidence too late.[1]  The notice of intent to use the evidence was filed on May 6 and the jury trial commenced on May 10.  The proponent of other-acts evidence must provide "reasonable notice in advance of trial" of the general nature of any such evidence it intends to introduce at trial. Evid.R. 404(B). "[T]he notice given to the defense regarding 'other crimes' evidence must be sufficiently clear so as 'to permit pretrial resolution of the issue of its admissibility.'" *State v. Tran,* 8th Dist. Cuyahoga No. 100057, 2014–Ohio– 1829, ¶ 23, quoting *United States v. Long,* 814 F.Supp. 72, 74 (D.Kan.1993).  The federal rule, upon which Evid.R. 404(B) is based, requires reasonable notice of the general nature of these "other acts" in order to prevent unfair surprise. Whether notice is "reasonable" will depend on the facts and circumstances of each case.  *State v. Plevyak,* 11th Dist. Trumbull No. 2013–T–0051, 2014-Ohio-2889, ¶ 19, appeal not allowed, 141 Ohio St.3d 1455, 2015 -Ohio- 239, 23 N.E.3d 1197.

{¶25} We find the four-day notice period in the instant case to be "reasonable notice in advance of trial."  Appellant has not demonstrated either unfair surprise or prejudice.  *Plevyak,* supra, 2014-Ohio-2889 at ¶ 22.  The notice allowed pretrial resolution

---

[1] Contrary to appellee's assertions, in *State v. Taylor* we ruled other-acts evidence was admissible because the evidence "provide[d] a unique factual pattern sufficient to prove identity * * *," but the timing of the state's notice of intent to use the evidence was not an issue, nor did we speak to the timing of the notice.  *State v. Taylor,* 5th Dist. Delaware No. 14–CAA–06–0037, 2015-Ohio-2646, ¶ 26.

of the question of the admissibility of the evidence as demonstrated by the argument prior to trial.

{¶26} Appellant's first assignment of error is overruled.

II.

{¶27} In her second assignment of error, appellant argues the trial court erred in giving the jury "a mandatory evidential presumption." To the extent that we find the trial court's error does not rise to the level of plain error, we disagree.

{¶28} R.C. 2913.11(B) states, "No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument." Under certain circumstances there is a presumption that the check will be dishonored. Relevant here, R.C. 2913.11(C) states,

> For purposes of this section, a person who issues or transfers a check * * * is presumed to know that it will be dishonored if * * * [t]he check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.

{¶29} This presumption does not need to be proven for a conviction for passing bad checks. *State v. Bergsmark*, 6th Dist. Lucas No. L-03-1137, 2004-Ohio-5753, ¶ 15,

appeal not allowed, 105 Ohio St.3d 1464, 2005-Ohio-1024, 824 N.E.2d 92, citing *State v. Brown*, 9th Dist. Medina No. 2291-M, 1994 WL 362140 (July 13, 1994). If the state chooses not to rely upon the statutory presumption or the presumption is inapplicable, the knowledge element may be proven by means other than evidence of presentment and dishonor. Id., citing *State v. Hines*, 12th Dist. Butler No. CA94-09-182, 1995 WL 389570 (July 3, 1995).

{¶30} We note the presumption is inapplicable in cases of stop-payment checks. "While it is true that under Ohio law, when a check is issued on an account containing insufficient funds, a rebuttable presumption of fraud does arise, see R.C. 2913.11(B)(2), no such presumption arises in case of a stopped payment check." *In re Gilmore*, 217 B.R. 228, 230 (Bankr. S.D. Ohio 1998), citing *State v. Powers,* 4th Dist. Lawrence No. 92 CA 10, 1993 WL 278456, at *4 (July 27, 1993) (Harsh, J., concurring), appeal dismissed, 69 Ohio St.3d 1428, 631 N.E.2d 639 (1994). The challenged jury instruction here thus pertains to a single offense within the one-count indictment: check number 1072 written on May 7, 2015 in the amount of $213.57, which was dishonored for insufficient funds.

{¶31} Appellant argues the trial court instructed the jury improperly, resulting in a mandatory evidential presumption violating her right to due process. The Due Process Clause of the Fourteenth Amendment requires the state to establish proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged; therefore, the state is prohibited from using evidentiary presumptions in jury instructions that effectively relieve the state of the burden of persuasion beyond a reasonable doubt of every essential element of a crime. See, *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

{¶32} Appellant challenges the following instruction regarding knowledge of dishonor, which tracks the language of R.C. 2913.11(C):

* * * *.

A person who issues or transfers a check is presumed to know that it will be dishonored if the check was properly refused payment for insufficient funds upon presentment within thirty days after issue, or the stated date, whichever is later, and the liability of the drawer, endorsee, or any party who may be liable therein is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.

* * * *.

T. 228-229.

{¶33}   We note appellant did not object to the jury instruction at trial.  The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Lindsay*, 5th Dist. Licking No. 06CA0057, 2007-Ohio-2211, ¶ 30, citing *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332 (1983), at syllabus. The "plain error rule" should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice. Id*.*

{¶34} Ohio courts have determined the presumption at issue in the passing bad checks statute is permissive, not mandatory.  However, an explanation of the proper use of a rebuttable presumption must also be given to the jury.  In *State v. House*, 12th Dist. Butler No. CA84-04-048, 1985 WL 8674, *3–4, the court observed that the presumption

in the passing bad checks statute "allows the jury to infer intent from the occurrence of specific basic facts."[2] The presumptions are permissive presumptions, not mandatory presumptions and thus, the presumptions can be rebutted by a defendant. Id., citing *State v. Adams*, 3 Ohio App. 3d 50, 443 N.E.2d 1047 (10th Dist.1982); *State v. James*, 12th Dist. Clermont No. CA1111, unreported, 1983 WL 4304 (Feb. 23, 1983).  The Hughes court further stated:

> If a rebuttable presumption is given to a jury, an explanation as to its use must be given to the jury; otherwise a jury could very well misinterpret the presumption in a number of ways such as the burden of proof shifting to the defendant or the jury being required to find intent from the presumption. See Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450; Adams, supra; James, supra. A jury must be instructed on the rebuttability of the presumption in R.C. 2913.11(B)(2) and the use thereof. Adams, supra; James, supra.

> In the case at bar, the trial court did not instruct the jury that the presumption was rebuttable and gave no explanation as to the proper use of a presumption. The failure to do so was error.

> *State v. House*, 12th Dist. Butler No. CA84-04-048, 1985 WL 8674, *3–4.

{¶35} In *Hughes,* as in this case, the defendant failed to object to the jury instructions and thus the appellate court reviewed the instruction for plain error, finding

---

[2] Former R.C. 2913.11(B)(1) and (2) are now R.C. 2913.11(C)(1) and (2), the presumption of knowledge of dishonor.

the trial court did commit plain error. The trial court's failure to instruct the jury that the presumption in [former] R.C. 2913.11(B)(2) was rebuttable and the use thereof was an error that was "critical to the fairness of the guilt determining process," and thus, constituted plain error. Id., citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.CT. 240, 61 L.Ed.2d 39 (1979); *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *State v. Myers*, 26 Ohio St. 2d 190, 271 N.E.2d 245 (1971).

{¶36} In the instant case, the trial court did not instruct the jury the presumption was rebuttable. In light of the failure to do so, we cannot find "the entire instruction was legally sufficient to inform the jury that the 'knowledge of dishonor' presumption could be rejected even if the state established the underlying facts." *State v. Jenkins*, 11th Dist. Lake No. 97-L-303, 1999 WL 310846, *6.

{¶37} Nonetheless, even if the jury instruction was erroneous, the error does not rise to the level of plain error because we cannot say that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, 805 (1978), paragraph two of the syllabus; Crim.R. 52(B). As we noted supra, the presumption only goes to the first bad check in the series appellant wrote, and not to the checks dishonored because of the stop-payment orders. Even if we were to reverse appellant's conviction with regard to check number 1072, appellant remains convicted of the sole count of the indictment because of the three additional checks.

{¶38} Appellant's second assignment of error is overruled.

III.

{¶39} In her third assignment of error, appellant argues her conviction upon one count of passing bad checks is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶40} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶41} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering

a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction."  Id.

{¶42} The essential elements of passing a bad check under R.C. 2913.11(B) are that appellant (1) with purpose to defraud, (2) issued a check, (3) knowing that it will be dishonored. State v. Joseph, 5th Dist. Licking No. 16-CA-59, 2017-Ohio-588, ¶ 24.  R.C. 2901.22(B) provides that "a person acts knowingly, regardless of his purpose when he is aware that his conduct will probably cause a certain result or will be of a certain nature. A person has knowledge of the circumstances when he is aware that such circumstances probably exist."  "Defraud" means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another. R.C. 2913.01(B).

{¶43} Appellant argues appellee presented insufficient evidence of intent to defraud and notice of dishonor; specifically, appellee argues her account had a "positive balance" at the time she wrote the checks and appellee did not establish she knew her husband issued stop-payment orders on the remaining checks.  We have reviewed the record, and we find there was sufficient, competent and credible evidence presented on each element of the crime charged that a reasonable jury could find appellant was guilty beyond a reasonable doubt.  Smith, supra, 2003-Ohio-2033 at ¶ 48.  We further conclude appellant, with purpose to defraud, issued four checks to the Heath Hobby Lobby knowing they would be dishonored.  See, State v. Bound, 5th Dist. Guernsey No. 03 CA 21, 2004-Ohio-6530, ¶ 40.

{¶44} Appellant argues there is no evidence of purposeful conduct on the part of appellant, and that there is no evidence she knew the checks would be dishonored.

Appellant, however, ignores the substantial circumstantial evidence provided by the testimony of appellee's witnesses. *State v. Weller*, 10th Dist. Franklin Nos. 07AP-289, 07AP-290, 07AP-291, 2007-Ohio-6598, ¶ 18. The Supreme Court of Ohio has held that "[a] conviction can be sustained based on circumstantial evidence alone." *State v. Franklin*, 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991), citing *State v. Nicely*, 39 Ohio St.3d 147, 154-155, 529 N.E.2d 1236 (1988). In fact, circumstantial evidence may "'be more certain, satisfying and persuasive than direct evidence.'" *State v. Ballew*, 76 Ohio St.3d 244, 249, 667 N.E.2d 369 (1996), quoting *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990), quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960).

{¶45} Appellee's evidence as to appellant's intent to defraud was circumstantial but compelling. There was not enough money in the accounts to cover the amounts outstanding. The stop-payment orders were placed on June 29, two days after two checks were written and the same day the final check was written, for the reason of "lost checks." We cannot find the jury was unreasonable in disbelieving appellant believed she lost the checks when she had just written them for large amounts. "Intent is a question of fact and not of law, [internal citation omitted], to be determined from all the facts and circumstances as shown by the evidence." *State v. Wamsley,* 6th Dist. Butler No. CA2002-05-109, 2003-Ohio-1872, ¶ 18, citing *State v. Johnson*, 56 Ohio St.2d 35, 38, 381 N.E.2d 637 (1978). Often knowledge can be established only by circumstantial evidence because the fact-finder is incapable of peering into the mind of the criminal defendant. *State v. Terry*, 186 Ohio App.3d 670, 2010-Ohio-1604, 929 N.E.2d 1111, ¶ 22 (4th Dist.). If the defendant does not testify as to her state of mind, the fact-finder must

decide what her intent is by looking at the surrounding facts and circumstances. See *Lott*, supra, 51 Ohio St.3d at 168. "Circumstantial evidence and direct evidence inherently possess the same probative value * * *." *Jenks,* supra, 61 Ohio St.3d 259, at paragraph one of the syllabus. Whether the evidence is direct in nature, or circumstantial, the jury is being asked to do the same thing: "weigh the chances that the evidence * * * correctly points to guilt" and "use its experience with people and events in weighing the probabilities." *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

{¶46} Sgt. Black testified appellant admitted writing the checks to Hobby Lobby; she acknowledged the stop-payment orders had been issued (albeit in error) and knew the checks remained outstanding; and finally, the checks remain unpaid and were not discharged by payment or satisfaction within ten days. *Bound*, supra, 2004-Ohio-6530 at ¶ 41. Appellant confessed to Black and claimed she only wanted an opportunity to make restitution, although she never made any effort to do so.

{¶47} Appellant does not deny she wrote all of these considerably large checks at a single store location. However, she maintains the jury should have reasonably inferred she did not have the requisite intent. The jury was entitled to infer as it did, though, because it was in the ideal position to weigh the evidence and judge the various witnesses' credibility. See *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. "Furthermore, a conviction is not against the manifest weight of the evidence simply because the jury chose to believe the prosecution's witnesses." *State v. Gilliam*, 9th Dist. Lorain No. 97CA006757, unreported, 1998 WL 487085 (Aug. 12, 1998), at *5.

{¶48} We find that based on the evidence and testimony of all the witnesses, viewed in a light most favorable to the prosecution, as is required, a rational trier of fact could have found beyond a reasonable doubt that appellant was indeed guilty of passing bad checks. Thus, we find the record contains sufficient evidence to support appellant's conviction. We further find that a trier of fact could reasonably infer purpose and knowledge on appellant's part. Thus, we cannot conclude that the trial court lost its way and created a manifest miscarriage of justice when it found appellant guilty. Therefore, we find that appellant's conviction is not against the manifest weight of the evidence.

{¶49} Appellant's third assignment of error is overruled.

## CONCLUSION

{¶50} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J. and

Wise, P.J.

Baldwin, J., concur.